PER CURIAM:
Claimant brought this action to recover the value of various items of personal property that he alleges were not returned to him or mailed to a relative at his request by employees of the respondent when he was transferred from a work release center to Huttonsville Correctional Center. A hearing was conducted in this claim from the Mt. Olive Correctional Complex by telephone with the claimant who was present at the Huttonsville Correctional Center. The Court is of the opinion to deny this claim for the reasons set forth herein below.
Claimant was assigned to the Huntington Work Release Center when he was subject to a disciplinary hearing. As a result of the hearing, he was transferred to the Cabell County Jail from which he was transported to the Huttonsville Correctional Center. He had certain items of personal property which he claims should have been transferred with him or mailed to his sister in Bluefield, West Virginia. He explained to the Court that when he was taken to Huttonsville Correctional Center, he was present during a telephone conversation with a guard and personnel at the Huntington Work Release Center regarding his personal property which was still at the Center. He told the guard to have the items mailed to his sister, but he was required to provide $17.00 for the postage. He did not have the money in his account at that time so the personal property was disposed of by the Huntington Work Release Center.
Respondent’s position in this matter is that it provided claimant the opportunity to ship his personal property to an address of his choosing and that he did not take advantage of that opportunity so respondent had no obligation to maintain his property. It bases this position upon the case of State ex rel. Anstey v. Davis, 203 W.Va. 538, 509 S.E. 2d 579 (1998) which sets forth the rights of inmates as to their personal property. That case does not place a burden upon respondent to maintain *113 property for an inmate as long as the inmate is provided the opportunity to ship the property to an address of his/her own choosing. In the instant claim, the claimant was provided the opportunity to mail his property and he did not take advantage of that opportunity. Therefore, respondent is not liable to claimant for the value of his personal property.
The Court, having reviewed the evidence in this claim, has determined that respondent met its responsibility to claimant for his personal property. Claimant admits that he did not have sufficient funds in his account to pay for the mailing of his property to his sister; therefore, respondent is not liable to claimant for the value of this property.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.